Dear Mr. Taylor:
You requested the opinion of this office concerning whether the assessment fee of $2.50 per month recently approved by the Livingston Parish voters and levied by the Livingston Parish Mosquito Abatement District ("the District") may be placed on the tax rolls. The assessment fee is levied pursuant to the statutory provisions pertaining to mosquito abatement districts, La.R.S. 33:7721, et seq., with the proposition stating in pertinent part as follows:
 "Shall the Livingston Parish Mosquito Abatement District . . . under the provisions of Article VI, Section 30 of the Constitution of the State of Louisiana of 1974, La.R.S. 33:7721 et seq. and other constitutional and statutory authority as applicable, be authorized to levy and collect and adopt an Ordinance providing for such levy and collection of an assessment of $2.50 per month, to be collected annually in the amount of $30.00, on each metered electric utility customer in the Parish of Livingston . . .; said assessment to be collected by the Livingston Parish Sheriff with assistance from the Livingston Parish assessor . . ."
The statutory authority for the service charge is found in La.R.S.33:7726, which provides in pertinent part as follows:
 "A. A mosquito abatement district created under the provisions of this Chapter may levy and collect special taxes, including monthly service charges to customers of waterworks districts within the mosquito control district, to finance its programs. It may use legal, proper, necessary, and expedient means to collect and enforce the collection of such taxes, including the contracting with a waterworks district located within the same parish to collect a monthly service charge for mosquito control.
 B. Any monthly service charge so levied shall be uniform upon the customers of the waterworks district, but each separate water meter or connection to the waterworks district's water supply lines shall be treated as a separate customer for purposes of the service charge. The waterworks district, acting as collection agency for special taxes of the mosquito abatement district, may add the tax levied by said mosquito abatement district to the water bills of its customers. . ." (Emphasis added)
In Op.Atty.Gen. 97-129, a similar question was presented to this office concerning a fire protection district service charge assessed pursuant to a statute which provided in pertinent part: "The governing authority . . . shall also have the authority to use any reasonable means to collect and enforce the collection of such service charges, including any means authorized by law for collection of taxes." This office concluded that such fire protection service charges can be carried on the tax rolls by the assessor if having the charges carried on the tax rolls would assist the fire protection district in its collection efforts. It was further observed that there was no requirement for the assessor to carry such service charges on the tax rolls unless a mutually agreeable arrangement could be made between the assessor and the district.
We believe that Op.Atty.Gen. 97-129 is also applicable to the situation at hand. Accordingly, it is the opinion of this office that the $2.50 per month mosquito abatement fee of the District may be placed on the tax rolls, if such would assist the District in its collection efforts; however, there is no requirement for the service charge to be carried on the tax rolls unless a mutually agreeable arrangement can be made between you and the District.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI Attorney General
 BY: __________________________ MARTHA S. HESS Assistant Attorney General
CCF/MSH